UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHERYL MOORE, INDIVIDUALLY AND ON BEHALF OF CHRISTOPHER MOORE, DECEASED | CIVIL ACTION NO. 5:22-cv-5751 |
| v. | JUDGE _____ |
| MERICLE'S TOWING, LLC; AMGUARD INSURANCE COMPANY; PACCAR INC.; AND PETERBILT OF LOUISIANA, LLC | MAGISTRATE _____ |
| | JURY TRIAL REQUESTED |

**DEFENDANT PACCAR INC'S**
**NOTICE OF REMOVAL**

Pursuant to Sections 1441 and 1332 of Title 28 of the United States Code, Defendant

PACCAR Inc (incorrectly named "PACCAR INC." and improperly named Peterbilt

Motors Company, an unincorporated division of PACCAR Inc ("PACCAR") hereby

remove this action from the 1st Judicial District Court, Caddo Parish, Louisiana, to the

United States District Court for the Western District of Louisiana, Shreveport Division.

### I.        Introduction

1.

On September 2, 2022, Plaintiff commenced a civil action in the 1st Judicial District

Court, Caddo Parish, Louisiana bearing Docket No. 639,362-C, styled *Cheryl Moore,*

*individually and on behalf of Christopher Moore, Deceased v. Mericle's Towing, LLC, et*

*al.*[1] Plaintiff asserts wrongful death and survival actions related to an incident on September 6, 2021 (the "Subject Incident").

2.

PACCAR was served with process on September 16, 2022.

3.

This Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, Mericle's Towing, LLC ("Mericle's"), Amguard Insurance Company ("Amguard") and Peterbilt of Louisiana, LLC ("Peterbilt") have been improperly joined, Peterbilt Motors Company is an unincorporated division of PACCAR, and there is complete diversity as between Plaintiff and the remaining Defendant, PACCAR. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

**II.      Removal is Proper in this Case**

**A.      The amount in controversy exceeds $75,000.**

4.

It is apparent from the face of the petition that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

---

[1] Plaintiff's Petition (Exhibit A).

2

5.

Plaintiff is seeking damages for wrongful death and survival action as a result of the

Subject Incident and the death of Christopher Moore.[2]

**B.      There is complete diversity of citizenship among Plaintiff and PACCAR.**

6.

Plaintiff is a citizen of Louisiana.[3]

7.

A corporation is deemed to be a citizen of the state in which it was incorporated and

the state where it has its principal place of business. *See* 28 U.S.C. §1332(c)(1).

8.

PACCAR, a corporation, is incorporated in the State of Delaware with its principal

place of business in the State of Washington.[4] Therefore, for purposes of diversity

jurisdiction, PACCAR is a citizen of Delaware and Washington.

9.

 Peterbilt Motors Company is an unincorporated operating division of PACCAR

Inc, and it is not a separate corporate entity.[5] The citizenship of an unincorporated division

of a corporation is the same as the citizenship of the corporation that owns the division.

*Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280 (7th Cir. 1986).

---

[2] Exhibit A, ¶ 8.
[3] Exhibit A ¶ 1.1.
[4] Declaration of PACCAR Inc (Exhibit B).
[5] Exhibit B.

i. **Plaintiff has no possibility of recovering from Mericle's, Amguard, or Peterbilt.**

10.

Plaintiff has also named as defendants Mericle's, Amguard, in its capacity as liability insurer for Mericle's, and Peterbilt. As discussed below, however, Mericle's, Amguard, and Peterbilt have been improperly joined because there is no reasonable basis to predict that Plaintiff will be able to recover from either of these entities.

11.

A defendant is improperly joined if there is no possibility of recovery by the plaintiff, meaning that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The Court "conduct[s] a Rule 12(b)(6)-type analysis" to determine whether there is a reasonable basis to predict that the plaintiff may recover from the non-diverse defendant. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 915 (5th Cir. 2009). Alternatively, "if the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may pierce the pleadings and conduct a summary inquiry." *Id*. Federal pleading standards require that the plaintiff set forth factual allegations stating a claim that is plausible on its face, and not merely speculative. *See, International Energy Ventures Management, LLC v. United Energy Group,* 818 F.3d 193, 200 (5th Cir. 2016).

4

        **a.**        **Plaintiff's claims against Mericle's and Amguard are barred by the exclusive remedy provided by the Louisiana Workers' Compensation Act**

12.

Plaintiff's causes of action against Mericle's, Christopher Moore's employer, arises from a workplace accident.[6]

13.

The Louisiana Workers' Compensation Act ("LWCA") provides the exclusive remedy for an employee or his dependent against his employer on account of injury or death. La. R.S. 23:1032(A)(1)(a); *see also Temple v. J&S Commc'n Contractors*, 35,257 (La.App. 2 Cir. 1/25/02); 805 So.2d 1263, 1265.

14.

An exception to the exclusive remedy exists for liability arising from an intentional act. La. R.S. 23:1032(B). In this context, the meaning of "intent" is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.[7]  Plaintiff herein does not allege that Mericle's consciously desired the occurrence of the fatal wreck as a consequence of a specific act, nor did she allege Mericle's committed a specific act knowing that a fatal wreck was substantially certain to follow that act.

---

[6] Exhibit A ¶¶4.1-4.5
[7] *Reeves v. Structural Preservation Systems*, 98-1795 (La. 3/12/99); 731 So.2d 208.

15.

Plaintiff contends the truck traveled off the roadway for unknown reasons.[8]

16.

While Plaintiff states Mericle's acts of omission and commission involve both intentional and negligent acts, a review of the Petition makes clear that Plaintiff's claims against Mericle's are based in principles of negligence.[9]

17.

Plaintiff's allegation of an intentional act as to Mericle's, is limited to "intentionally disregarding safety policies."[10] Phrases using the words "intentional" or "with specific knowledge" are not magical; their mere recitation does not transform the plaintiff's allegations into intentional acts.[11] It is clear Plaintiff's claims against Mericle's are based solely in negligence. Although including the talismanic "intentional," Plaintiff uses it in the alternative: "Defendant Mericle's committed acts of omission and commission, which collectively and severally, were either intentional or constituted negligence…"[12] Plaintiff then lists the thirteen "acts and/or omissions which constituted negligence…"[13] She does not include any specific alleged acts and/or omissions which would constitute an intentional act. Indeed, Plaintiff alleges only that the enumerated "acts of omission and/or

---

[8] Exhibit A ¶ 4.5.
[9] Exhibit A, ¶¶ 5.2, 5.4
[10] Exhibit A ¶ 5.1(j).
[11] *Bridges v. Carl E. Woodward, Inc.*, 94-2675 (La. App. 4 Cir. 10/12/95); 663 So.2d 458, *writ denied*, 95-2735 (La. 1/26/96); 666 So.2d 674.
[12] Exhibit A ¶5.1
[13] *Id.* at ¶5.2

commission constituted negligence and/or negligence per se…"[14]   She again does not

allege any specific act was intentional.

18.

Even considering Plaintiff's broad "intentionally disregarding safety policies"

allegation, Louisiana law is clear that such acts do not rise to the level of intentional under

the exclusive remedy provision.  The intentional act exclusion is narrow and an employer's

violations of safety standards or failure to provide safety equipment is insufficient to invoke

the exclusion.  See, e.g, *Reeves*, supra, and *Temple*, 805 So.2d at 1266. Louisiana courts

have further found that the following factual scenarios are not an "intentional act" in the

context of this rare exclusion to the exclusive remedy provisions of the Louisiana Workers'

Compensation Act: gross negligence by the employer,[15] the fact that certain employers or

co-employees should have known that certain conduct or action could result in harm to the

plaintiff,[16] an employer's knowledge that a work area is dangerous and makes the

occurrence of an accident more likely,[17] an employer's failure to maintain a safe work area

or correct unsafe working conditions,[18] and ordering an employee to work in an unsafe

place.[19]

---

[14] *Id*. at ¶5.4
[15] *Hood v. South Louisiana Medical Ctr.,* 517 So.2d 469, 471 (La.App. 1 Cir. 1987).
[16] *Faridnia v. Ecolab, Inc.,* 593 So.2d 936, 938 (La.App. 4 Cir. 1992) (citing *Hudson v. Boh Bros. Constr. Co., Inc.,* 573 So.2d 1284 (La.App. 4 Cir. 1991).
[17] *Jacobsen v. Southeast Distribs., Inc.,* 413 So.2 995, 997-98 (La.App. 4 Cir. 1982).
[18] *Gallon v. Vaughan Contractors, Inc.,* 619 So.2d 746, 749 (La.App. 4 Cir. 1993) (citing *Dycus v. Martin Marietta Corp.,* 568 So.2d 592 (La.App. 4 Cir. 1990).
[19] *Redding v. Essex Crane Rental Corp. of Alabama,* 500 So.2d 880, 884 (La.App. 1 Cir. 1986) (citing *McDonald v. Boh Bros. Constr. Co., Inc.,* 397 So.2d 846 (La.App. 4 Cir. 1981).

19.

Accordingly, contrary to Plaintiff's contention, the claims against Mericle's do not arise from intentional actions, but rather the alleged acts of Mericle's are negligent acts such that Plaintiff's claims against Mericle's are barred by the exclusive remedy provisions of the Louisiana Workers' Compensation Act.

20.

Because there is no reasonable basis upon which this Court can predict that Plaintiff will recover from Mericle's, it has been improperly joined and its citizenship should not be considered for purposes of evaluating this Court's diversity jurisdiction.

21.

Likewise, Plaintiff sued Amguard "in its capacity as liability insurer for Mericle's Towing, LLC."[20] But an employer's immunity from a tort suit pursuant to the Workers' Compensation Act is also available to its liability insurer.[21]

22.

Accordingly, there is no reasonable basis upon which this Court can predict that Plaintiff will recover from Amguard and it has been improperly joined and its citizenship should not be considered for purposes of evaluating this Court's diversity jurisdiction.[22]

---

[20] Exhibit A, ¶ 2.1(b), 7.1.

[21] *Guidry v. Aetna Cas. & Sur. Co.*, 359 So.2d 637 (La. App. 1 Cir. 1978), *writ denied*, 362 So.2d 578 (La. 1978).

[22] If its citizenship were considered, Amguard Insurance Company is incorporated in Pennsylvania with its principal place of business in the State of Pennsylvania. Therefore, for purposes of diversity jurisdiction, Amguard Insurance Company is a citizen of Pennsylvania. *See* Declaration of Amguard Insurance Company (ExhibitC).

b.      **Plaintiff cannot recover from Peterbilt of Louisiana, LLC under the Louisiana Products Liability Act**

23.

Plaintiff contends that Peterbilt is liable as a "manufacturer" under the Louisiana Products Liability Act ("LPLA").[23]

24.

Plaintiff contends that "Peterbilt designed, developed, manufactured, marketed, assembled and sold the 2006 Peterbilt truck, VIN 1XPFDU9X06D858493…"[24] such that Peterbilt is liable to Plaintiff under various theories under the LPLA.[25]

25.

Peterbilt is a Louisiana Limited Liability Corporation that operates dealerships and service centers within Louisiana in Baton Rouge, Lafayette, Lake Charles, New Orleans, and Houma.[26]

26.

As a dealership and/or service center, Peterbilt did not design, develop and/or manufacture the commercial motor vehicle at issue.[27] At best, Peterbilt is a "non-manufacturing seller" who may be held liable for damages caused by a product **it sold** if Peterbilt knew or should have known that the product sold was defective and failed to

---

[23] Exhibit A ¶ 6(A).
[24] Exhibit A ¶ 6.1.
[25] Exhibit A ¶ 6.1 – 6.30.
[26] Declaration of Peterbilt of Louisiana, LLC (Exhibit D).
[27] Exhibit B.

declare it. *Slaid v. Evergreen Indem., Ltd.,* 32,363 (La.App. 2 Cir. 10/27/99), 745 So.2d 793,797.

## 27.

Peterbilt has reviewed its records as to that certain 2006 Peterbilt truck, VIN 1XPFDU9X06D858493 as alleged by Plaintiff in the Petition. Peterbilt did not sell or lease this vehicle.[28]  Peterbilt has never serviced or repaired this vehicle.[29]

## 28.

Rather, that certain 2006 Peterbilt truck, VIN 1XPFDU9X06D858493 as alleged by Plaintiff in the Petition was purchased from Crouch Tow Trucks and/or Crouch's Wreck & Equipment Sales in Nashville, Tennessee.[30]

## 29.

Plaintiff thus has no viable claims against Peterbilt under the alleged causes of action such that Peterbilt has been improperly joined in this matter.

## 30.

Because there is no possibility of relief from the nondiverse Defendants, complete diversity exists among the parties in this case, satisfying the requirements of 28 U.S.C 1332(a)(1).

---

[28] Exhibit D.
[29] Exhibit D.
[30] Declaration of Mericle's Towing, LLC (Exhibit E).

### III.    The Procedural Requirements for Removal have been Satisfied

31.

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of September 16, 2022 – the date that PACCAR was served with Plaintiff's Petition.

32.

The United States District Court for the Western District of Louisiana, Shreveport Division includes the parish in which the state court action is now pending. Therefore, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. §§ 98(c) and 1441(a).

33.

Because Mericle's, Peterbilt, and Armguard (as the alleged general liability insurer of Peterbilt) were improperly joined, they need not consent to removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Nevertheless, they have consented as evidenced in the Declarations attached hereto.

34.

Pursuant to 28 U.S.C. § 1446(a), PACCAR is attaching a copy of all process, pleadings, and orders served with this Notice of Removal.

35.

Pursuant to 28 U.S.C. § 1446(d), PACCAR is simultaneously filing written notice of this removal with the district clerk of the state court where the action is currently

11

pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of

Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

36.

PACCAR submits this Notice of Removal without waiving any defenses to the

claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which

relief may be granted, without admitting that Plaintiff has standing, and without admitting

that Plaintiff is entitled to any monetary or equitable relief whatsoever.

**IV.      Conclusion**

PACCAR Inc prays that this Court take jurisdiction of this action to its conclusion

and to final judgment, to the exclusion of any further proceedings in the state court in

accordance with the above law.

Respectfully submitted:

KEAN MILLER LLP

By:  /s/ *Scott L. Zimmer*
     Scott L. Zimmer (#26151)

333 Texas Street, Suite 450
Shreveport, LA 71101
Telephone: (318) 562-2700
Fax: (318) 562-2751
scott.zimmer@keanmiller.com

Megan L. Reinkemeyer
711 Louisiana Street, Suite 1800
Houston, TX  77002
Telephone: (713) 844-3000
Fax: (713) 844-3030
megan.reinkemeyer@keanmiller.com

**ATTORNEYS FOR PACCAR Inc and
Peterbilt Motors Company, an
unincorporated division of PACCAR Inc**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed

with the Clerk of Court using the CM/ECF system this 14th day of October, 2022.  Notice

of this filing will be sent to all counsel of record by operation of the court's electronic filing

system and/or U.S. Mail.

/s/ *Counsel*
Counsel

13