# EXHIBIT A

CHERYL MOORE, INDIVIDUALLY
AND ON BEHALF OF
CHRISTOPHER MOORE, DECEASED

FIRST JUDICIAL DISTRICT

DOCKET NO. 639,362-C

VERSUS

PARISH OF CADDO

MERICLE'S TOWING, LLC;
AMGUARD INSURANCE COMPANY;
PACCAR INC.; AND
PETERBILT OF LOUISIANA, LLC

STATE OF LOUISIANA

## PETITION FOR WRONGFUL DEATH AND SURVIVAL ACTION

NOW INTO COURT, through undersigned counsel, come petitioner, CHERYL
MOORE, INDIVIDUALLY AND ON BEHALF OF CHRISTOPHER MOORE, DECEASED,
who respectfully file this original Petition for Wrongful Death and Survival Action and, in doing
so, represents that:

### 1. PETITIONERS

1.1    CHERYL MOORE, an individual of the full age of majority and domiciled in
Mooringsport, Caddo Parish, Louisiana, is the surviving spouse of the decedent Christopher
Moore.

### 2. DEFENDANTS

2.1    The following parties are made defendants herein:

(a)    **MERICLE'S TOWING, LLC** hereinafter referred to as  "MERICLE'S") is a
domestic corporation.  Service of process may be effected by and through its registered agent for
service, Mr. James A. Mericle, Jr., 3408 Hollywood Ave., Shreveport, Louisiana 71109.

(b)    **AMGUARD INSURANCE  COMPANY** is a foreign entity, doing business,
engaging in business, and transacting business in the state of Louisiana, in its capacity as liability
insurer for Mericle's Towing, LLC, who may be served with process by and through its
registered agent for service, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge,
Louisiana 70809.

(c)    **PACCAR INC.** is a foreign entity, doing business, engaging in business, and
transacting business in the state of Louisiana, who may be served with process by and through its
registered agent for service, Corporation Service Company, 501 Louisiana Ave., Baton Rouge,
Louisiana 70802.

PGS ___ EXH ___ MIN ___
CC ___ CP ___ MAIL ___ N/J ___
INDEX ___ REC ___ FAX ___
W/D DOC ___ CERT MAIL ___
SERVICE ___ CCR ___

1

$ 750 FILED

SEP 0 2 2022

STEPHEN FEAZEL
CADDO DEPUTY CLERK OF COURT

(d)     **PETERBILT MOTORS COMPANY,**   a division of PACCAR, INC. is a foreign entity, doing business, engaging in business, and transacting business in the state of Louisiana, who may be served with process via Long-Arm Statute, by and through its registered agent for service, The Prentice-Hall Corporation System, 211 7ᵗʰ St., Suite 620, Austin, Texas 78701-3218.

(e)     **PETERBILT OF LOUISIANA, LLC**  is a domestic corporation.  Service of process may be effected by and through its registered agent for service,  Mr. Jack B. Brabham, 16310 Commercial Ave., Baton Rouge, Louisiana 70816.

2.2    The defendants are justly and truly indebted to petitioners for damages, injuries and losses sustained by the petitioner and the decedent, Christopher Moore, together with legal interest from the date of judicial demand, for all costs of these proceedings, and for general and equitable relief, for the following reasons, to-wit:

### 3. VENUE AND JURISDICTION

3.1    Venue is proper pursuant to the Louisiana Code of Civil Procedure Article 42(2) because defendant, Mericle's Towing, LLC is a domestic corporation wherein a suit may be brought in the parish where its registered office is located.

### 4. FACTS

4.1    On the date of the subject incident, Christopher Moore was an employee of Mericle's Towing, LLC.

4.2    Christopher  Moore  was  operating  the  2006  Peterbilt  truck,  VIN 1XPFDU9X06D858493, owned by Mericle's Towing LLC.

4.3    The 2006 Peterbilt truck, model 5200, was being operated under USDOT Number 2498192 on the date of the subject incident and Mericle's Towing, LLC was shown to be the holder of this USDOT number.

4.4    The 2006 Peterbilt truck owned by Mericle's Towing LLC was towing a 3 axle straight truck owned by GPG Services, Inc. (USDOT number 2342587) loaded with frozen goods.

4.5    On or about September 6, 2021, Christopher Moore  was operating a 2006 Peterbilt truck towing a Freightliner box truck on the right lane, at milepost 172.8 on I-49 at or near U.S. 84, in De Soto Parish, Louisiana.  For unknown reasons, the 2006 Peterbilt vehicle travelled off the right side of the roadway approximately 250 feet before impacting the right

2

support post of an interstate exit sign. Post impact, the 2006 Peterbilt 5200 truck continued in a northerly direction down a ditch embankment. During this time, the 2019 Freightliner box truck became separated from the truck. The 2006 Peterbilt continued to travel approximately 134 feet from the initial impact before it impacted a large tree with its left side and came to final rest. Upon coming to final rest, the 2006 Peterbilt caught on fire and Christopher Moore was unable to escape the vehicle. Christopher Moore sustained fatal injuries as a result of the crash and burned to death after the subject vehicle became engulfed in flames.

4.4     As a result of the accident, Christopher Moore suffered severe and excruciating mental anguish and terror associated with the knowledge of his impending death and burned to death after the subject vehicle became engulfed in flames.

4.5     The subject 2006 Peterbilt truck was manufactured by PACCAR Inc.; Peterbilt Motors Company; and Peterbilt of Louisiana, LLC.

4.6     Upon information and belief, AMGUARD INSURANCE COMPANY issued a policy of liability insurance to Mericle's Towing, LLC Policy No. K2GP215466, which policy covered such acts of negligence and said policy was in full force and effect on the date of the incident herein sued upon.

## 5. CAUSES OF ACTION AGAINST MERICLE'S TOWING, LLC
### (hereafter referred to as "MERICLE'S")

5.1     Defendant Mericle's committed acts of omission and commission, which collectively and severally, were either intentional or constituted negligence, and recklessness which negligence and recklessness which collectively and severally, were either intentional or constituted negligence, gross negligence and recklessness, which acts were a proximate cause of the injuries to Christopher Moore, the physical pain and mental anguish he suffered, and of the damages suffered by Petitioner. This negligence and gross negligence and intentional conduct includes, but is not limited to the following:

5.2     Petitioner further asserts and alleges that at the time of the collision made the basis of this suit that Defendant Mericle's was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to, the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

      (a.)     Failing to ensure that the Freightliner being operated by Christopher Moore on the date of the subject incident was properly maintained specifically, but not limited to the brake system and its component parts;

3

(b.)   Allowing the freightliner to operate when it knew the vehicle exceeded the designed weight capacity;

(c.)   Failing to perform proper inspection of the vehicle to recognize the potential hazards of the poorly maintained Freightliner;

(d.)   Failing to properly monitor drivers to ensure compliance and failing to comply with statutes and regulations governing the hours of service for its employees;

(e.)   Failing to perform the recalls and service bulletins issued for the subject 2006 Peterbilt Freightliner;

(f.)   Failing to maintain the 2019 Freightliner box truck;

(g.)   Operating the subject vehicle in violation of the laws of the parish of Caddo and state of Louisiana;

(h.)   Creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;

(i.)   Failing to provide proper and safe equipment for travel on the roadways and highways. The freightliner lacked a mounted AD-IP Integral Purge Air Dryer. The removable purge valve assembly incorporates the purge valve mechanism and a turbo charger cutoff feature that is designed to prevent loss of engine "turbo" boost pressure during the purge cycle of the AD-IP™ air dryer.

(j.)   Intentionally disregarding safety policies that they knew would lead to injuries and death;

(k.)   Creating a work environment that it knew would lead to numerous and serious injuries;

(l.)   In general, violating all of the rules of the road and applicable provisions of the laws of the parish of Caddo and the state of Louisiana, and traffic control devices, regarding the operation of vehicles on its streets and highways; and

(m.)   Such other acts or omissions as will be shown at the trial of this matter, all of which  were in contravention of the exercise of due care, prudence, and the laws of the state of Louisiana and the parish of Caddo, which are specifically herein as if, and as though copied in extenso; and

(n.)   Any and all other actions revealed in the course of discovery and/or prove at the time of the trial of this cause.

5.2     The acts and omissions, singularly and collectively, when viewed objectively involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, itself, and by and through its vice principals, officers and employees, had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

5.3     Defendant Mericle's had a duty to exercise ordinary care and caution in the maintenance and repair of its vehicle so as not to cause injury to others, in particular, Christopher Moore.

5.4     Each and all of the above mentioned acts of omission and/or commission constituted negligence and/or negligence per se and were a proximate cause of damages to Petitioner and for which Petitioner hereby seeks recovery.

5.5     Petitioner further asserts and alleges that the acts of omission and/or commission of Mericle's Towing LLC collectively and/or severely constituted gross negligence in that this Defendant acted with conscience indifference to the rights, safety, or welfare of Christopher Moore in permitting Christopher Moore, to operate said 2006 Peterbilt tuck without ensuring a properly functioning equipment.

5.6     Such conduct by Mericle's Towing LLC created an extreme degree of risk to all persons traveling on state highways on the date of the incident in question, which such degree of risk manifested itself on Christopher Moore.  This wanton and conscious indifference constituted malice and was a proximate cause of the collision made the basis of this suit and of the resulting injuries and consequent death of Christopher Moore, the physical pain and mental anguish he suffered, and of the damages suffered by Petitioner.

5.7     For such malice on behalf of Defendants Mericle's Towing LLC, Petitioner sues for exemplary damages in an amount to be determined at trial when considering the nature of the wrong, the frequency of similar incidents, the need to deter similar wrongs in the future, the character of the conduct involved, degree of culpability of the wrongdoer, the extent to which such conduct offends a public sense of justice and the net worth of Defendants.

5.8     Upon information and belief, Defendant Mericle's committed acts which can only be described as intentional and are actionable as an exception to the exclusivity rule found in the workers compensation scheme.

5.9     The work being performed by Christopher Moore Geismar was extremely hazardous and fraught with danger; and therefore, constituted an ultra-hazardous activity under Louisiana Law.  As such, Mericle's Towing LLC is strictly liable for the injuries of Christopher Moore and his resulting damages.

## 6.  CAUSES OF ACTION AGAINST PACCAR, INC.; PETERBILT MOTORS COMPANY; AND PETERBILT OF LOUISIANA, LLC (hereinafter "PETERBILT")

### A.     Violations of the Louisiana Products Liability Act – Design Defect

6.1     Defendant Peterbilt designed, developed, manufactured, marketed, assembled and sold the 2006 Peterbilt truck, VIN 1XPFDU9X06D858493 (hereafter sometimes referred to as the "subject vehicle").

5

6.2     The subject vehicle was defective in design for its intended use and made the product unreasonably dangerous to the ultimate user, operator or consumer, and the motoring public in general.

6.3     Specifically, the vehicle's fuel system, failed to function as it was intended to perform and as it was designed for in an anticipated accident sequence.  More specifically, the fuel system became compromises during the crash and causes the vehicle to burst into flames after impact.

6.4     These defects existed at the time the vehicle left the control of defendant Peterbilt.

6.5     At the time the defective vehicle left the control of defendant Peterbilt there existed safer alternative designs and components that were both economically feasible and technologically available.

6.6     The safer alternative designs and components would not decrease the utility of the vehicle in any significant regard that would warrant and cause its exclusion.

6.7     Defendant Peterbilt failed to incorporate the economically feasible and technologically available safer alternative designs and components that would have prevented the subject vehicle's safety features from failing in a foreseeable accident.

6.8     At the time of the accident in question, the subject vehicle was in substantially the same condition as it was when it was placed into the stream of commerce by defendant.

6.9     Defendant Peterbilt placed the subject vehicle on the market with knowledge that it would be used without inspection for defects and dangers.

6.10    Defendant Peterbilt knew or should have known that the ultimate user, operator or consumer would not and could not properly inspect the vehicle for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capacities of such persons.

6.11    The subject vehicle was defective and unreasonably dangerous to the ultimate user, operator or consumer, and the motoring public in general, when sold and distributed by defendant Peterbilt.

**B.   Violations of the Louisiana Products Liability Act – Manufacturing defect**

6.12    Defendant Peterbilt designed, developed, manufactured, marketed, assembled and sold the 2006 Peterbilt truck, Model 5200, VIN 1XPFDU9X06D858493 (hereafter sometimes referred to as the "subject vehicle").

6.13   The subject vehicle was defective in construction and composition, which made the product unreasonably dangerous to the ultimate user, operator or consumer, and the motoring public in general.

6.14   These defects existed at the time the subject vehicle left the control of defendant Peterbilt.

6.15   At the time the defective vehicle left the control of defendant Peterbilt, the fuel system deviated in a material way from the manufacturer's specifications and/or performance standards for the vehicle and/or from otherwise identical vehicles manufactured by defendant Peterbilt.

6.16   At the time of the accident in question, the subject vehicle was in substantially the same condition as it was when it was placed into the stream of commerce by defendant Peterbilt.

6.17   The unreasonably dangerous defect in construction and composition was a substantial cause of the injuries and damages sustained by Plaintiffs and ultimately the death of Christopher Moore.

6.18   Defendant Peterbilt placed the subject vehicle on the market with knowledge that it would be used without inspection for defects and dangers in construction and composition.

6.19   Defendant Peterbilt knew or should have known that the ultimate user, operator or consumer would not and could not properly inspect the vehicle for defects and dangers in construction and that detection of such defects and dangers in construction and composition would be beyond the capacities of such persons.

6.20   The subject vehicle was defective and unreasonably dangerous to the ultimate user, operator or consumer, and the motoring public in general, when sold and distributed by defendant Peterbilt.

**C.   Violations of the Louisiana Products Liability Act – Breach of Express Warranties**

6.21   Defendant Peterbilt sold the subject vehicle in a defective and unreasonably dangerous condition, which breached express warranties.

6.22   Defendant Peterbilt breached its duty of reasonable care owed to Christopher Moore in one or more of the following ways:

(a)   Failing to manufacture the subject vehicle to perform as safely as an ordinary consumer would expect under normal and ordinary use.

7

(b)  Designing and manufacturing the subject vehicle in a way that the vehicle's fuel system failed to perform as it was intended and as it was designed for in an anticipated impact accident sequence.

(c)  Failing to warn users of the subject vehicle of the defects in the fuel system construction and material composition.

6.23  This breach of express warranties was a substantial cause of the injuries and ultimate death of Christopher Moore and the damages sustained by Plaintiff Cheryl Moore.

**D.  Violations of the Louisiana Products Liability Act – Inadequate Warning**

6.24  Both prior to and subsequent to the sale of the subject vehicle, defendant Peterbilt designed, manufactured, distributed and sold the subject vehicle with inadequate warnings.

6.25  Specifically, the subject vehicle had absolutely no warnings on it concerning the dangerous nature of the vehicle fuel system and its lack of protecting the occupants as it was designed for and its intended use following a collision.

6.26  The defect in the warning existed at the time the subject vehicle left the control of defendant Peterbilt.

6.27  The likelihood and gravity of danger associated with the subject vehicle, and the feasibility of adding the proper warning, far outweighed the ability of the ultimate user, operator or consumer, and the motoring public in general, to anticipate the risk.

6.28  The inadequate warnings were a substantial cause of the injuries and damages sustained by Christopher Moore and Cheryl Moore and ultimately the death of Christopher Moore.

6.29  The injuries and damages, and ultimately death, sustained because of the defective and unreasonably dangerous nature of the subject vehicle arose from the reasonably anticipated use and/or a reasonably anticipated alteration or modification of the subject vehicle.

6.30  The defendants herein are individually, jointly and in solido indebted unto plaintiff for such damages as are reasonable in the premises, together with legal interest thereon, from date of judicial demand until paid, and for all costs of these proceedings, for the following non-exclusive reasons.

**7.  CAUSES OF ACTION AMGUARD INSURANCE COMPANY  ("AMGUARD" )**

7.1  At all times pertinent herein, defendant AmGuard was the liability insurer of Mericle's Towing LLC, and pursuant to a policy of insurance issued covering the vehicle owned

by Mericle's Towing, LLC and operated by Christopher Moore,  defendant AmGuard is individually, jointly, severally, concurrently and in solido responsible for any and all damages set forth herein by virtue of its contractual obligation to insure Christopher Moore and Mericle's Towing, LLC.

## 8. DAMAGES

8.1    As a proximate result of the fault of the Defendants and their acts and omissions as alleged above, and because of the harm and injury to Decedent,  Christopher Moore, pursuant to Louisiana Civil Code Article 2315.1.  Petitioner prays for recovery and reimbursement for the following items of damages suffered by Christopher Moore:

(a)    Pre-death mental and physical pain and suffering;

(b)    Pre-impact fright and fear;

(c)    Physical and mental pain and suffering;

(e)    Judicial interest from the date of demand; and

(e)    All other items of damages that may be recoverable.

8.2    As a proximate result of the fault of the Defendants and their acts and omissions as hereinabove alleged, Petitioner Cheryl Moore, brings her wrongful death actions pursuant to Louisiana Civil Code Article 2315.2 for the damages which they have suffered and continue to suffer as a result of the death of Christopher Moore at the hands of the Defendant, including but not limited to the following:

(a )    Past, present and future loss of love, affection and companionship;

(b)    Loss of consortium, past and future;

(c)    Loss of society, past and future;

(d)    Loss of services and support, past and future;

(e)    Lost benefits, including lost wage and/pr loss of earning capacity, past and future;

(f)    Recovery of funeral and burial expenses;

(g)    Recovery of emergency medical services and related expenses;

(h)    Judicial interest from the date of demand;

(i)    All other items of damages that may be recoverable; and

(j)    All damages allowable to Petitioners for the redhibition claims.

8.3    Petitioner's damages exceed the threshold requirement for a trial by jury and Petitioner does hereby pray for a trial by jury.

## PRAYER

WHEREFORE, petitioner, Cheryl Moore, individually and on behalf of the deceased, Christopher Moore, prays that defendants herein be duly cited and served with a copy of the petition and made to appear and answer same, and that there be judgment against defendants, Mericle's Towing, LLC; PACCAR, Inc.; Peterbilt Motors Company; Peterbilt of Louisiana, LLC and AmGuard Insurance Company,  jointly and in solido, for those damages suffered by Petitioners as described more fully above, with legal interest from the date of judicial demand until paid, court costs, and all other just and equitable relief as the nature and equity of the case may permit or require.

Respectfully Submitted,

Chris L. Bowman (#18131)
LAW OFFICE OF CHRIS L. BOWMAN
330 E. Main St.
Jonesboro, LA 71251
Telephone: (318) 259-6200
Email: chris@bowman.law

AND

Joseph E. Ritch (#35414)
ELLIOTT & RITCH, LLP
321 Artesian St.
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: jritch@elliottritch.com

AND

T. Taylor Townsend (#20021)
T. TAYLOR TOWNSEND, LLC
320 Rue St. Denis
P. O. Box 784
Natchitoches, LA 71458
Telephone: (318) 238-3612
Email: taylor@taylortownsendlaw.com

By: _____
Chris L. Bowman (#18131)

**ATTORNEYS FOR PLAINTIFF**

**PLEASE SERVE CITATION AND ORIGINAL PETITION UPON THE FOLLOWING DEFENDANTS:**

MERICLE'S TOWING, LLC
*By and through its registered agent for service*
Mr. James A. Mericle, Jr.
3408 Hollywood Ave.
Shreveport, LA 71109

PACCAR, INC.
*By and through its registered agent for service*
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

PETERBILT MOTORS COMPANY
*By and through its registered agent for service*
The Prentice-Hall Corporation System
211 7th St., Suite 620
Austin, TX 78701-3218

PETERBILT OF LOUISIANA, LLC
*By and through its registered agent for service*
Mr. Jack B. Brabham
16310 Commercial Ave.
Baton Rouge, LA 70816

AMGUARD INSURANCE COMPANY
By and through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

Law Offices Of

| Chris L. Bowman | **Chris L. Bowman** | Colby L. Bowman |
|---|---|---|
| *chris@bowman.law* | Attorney at Law | *colby@bowman.law* |
| | 330 East Main Street | |
| | P. O. Box 190 | |
| | Jonesboro, Louisiana 71251 | |
| | Telephone: 318/259-6200 | |
| | Fax: (318) 259-7389 | |
| | *info@bowman.law* | |

File No.

September 2, 2022

*Via Hand Delivery*

Honorable Mike Spence
Clerk of Court
501 Texas Street, Room 103
Shreveport, LA 71101-5408

Re:    Cheryl Moore, et al
        vs. Mericle's Towing, et al

Dear Mr. Spence:

You will find enclosed the original and six (6) copies of a Petition for Wrongful Death and Survival Action which I would ask you file upon receipt.   Thereafter, please have service made as requested and return notice of service to me.

Also, pursuant to Article 1572 of the Louisiana Code of Civil Procedure, I request that written notice of the date set for trial of this cause, or of the date set for trial of any pleadings or motions therein, be provided to me at least ten (10) days before any trial date.

I would also request that notice of the signing of any final judgment or of the rendition of any interlocutory order or judgment in this cause be provided to me as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

With kindest personal regards, I remain

                            Yours very truly,

                            *Chris L. Bowman*

                            Chris L. Bowman

CLB:jw

Enclosures

alexisc                                                                                      CPCC.CV.3652575

# Citation

CHERYL MOORE, ET AL                          NO. 639362– C
       VS                                   STATE OF LOUISIANA
MERICLES TOWING LLC, ET AL                   PARISH OF CADDO
                                             FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:      AMGUARD INSURANCE COMPANY
                                 THRU HONORABLE SECRETARY OF STATE
                                 BATON ROUGE, LA 70809


YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) days, a judgment may be entered against you. Please be aware of Act 174 of the 2021 regular session of the Louisiana Legislature which changed delays for answering.  The full text of this bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date September 2, 2022.


    *Also attached are the following:         **MIKE SPENCE, CLERK OF COURT**


                                             _____CHRIS BOWMAN_____
                                                        Attorney


# FILE COPY

alexisc                                                                                                    CPCC.CV.3652583

# Citation

CHERYL  MOORE, ET AL                         NO. 639362– C
            VS                               STATE OF LOUISIANA
MERICLES TOWING LLC, ET AL                   PARISH OF CADDO
                                             FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:      PACCAR INC
                                 THRU CORPORATION SERVICE COMPANY, AGENT
                                 501 LOUISIANA AVENUE
                                 BATON ROUGE, LA
                                 70802

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have
received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of
this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-
ONE (21) days, a judgment may be entered against you. Please be aware of Act 174 of the 2021 regular
session of the Louisiana Legislature which changed delays for answering.  The full text of this bill can be
found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date September 2, 2022.

        *Also attached are the following:          **MIKE SPENCE, CLERK OF COURT**

_____                                   _____
                                                   CHRIS BOWMAN
                                                     Attorney

# FILE COPY

alexisc

CPCC.CV.3652609

# Citation

CHERYL MOORE, ET AL
VS
MERICLES TOWING LLC, ET AL

NO. 639362– C
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    PETERBILT OF LOUISIANA LLC
THRU JACK B BRABHAM, AGENT
16310 COMMERCIAL AVENUE
BATON ROUGE, LA
70816

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) days, a judgment may be entered against you. Please be aware of Act 174 of the 2021 regular session of the Louisiana Legislature which changed delays for answering. The full text of this bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date September 2, 2022.

     *Also attached are the following:         **MIKE SPENCE, CLERK OF COURT**

_____

_____ CHRIS BOWMAN _____
Attorney

# FILE COPY

alexisc                                                                 CPCC.CV.3652617

# Citation

CHERYL  MOORE, ET AL                    NO. 639362– C
           VS                           STATE OF LOUISIANA
MERICLES TOWING LLC, ET AL              PARISH OF CADDO
                                        FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    MERICLES TOWING LLC
                               THRU JAMES A MERICLE JR, AGENT
                               3408 HOLLYWOOD AVENUE
                               SHREVEPORT,  LA
                               71109

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have
received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of
this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-
ONE (21) days, a judgment may be entered against you. Please be aware of Act 174 of the 2021 regular
session of the Louisiana Legislature which changed delays for answering.  The full text of this bill can be
found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date September 2, 2022.

      *Also attached are the following:              **MIKE SPENCE, CLERK OF COURT**


                                           _____CHRIS BOWMAN_____
                                                    Attorney


# FILE COPY

alexisc                                                                CPCC.CV.3653409

# 𝕷𝖔𝖓𝖌-𝕬𝖗𝖒 𝕮𝖎𝖙𝖆𝖙𝖎𝖔𝖓

CHERYL MOORE, ET AL                     NO. 639362 – C
     VS                           STATE OF LOUISIANA
MERICLES TOWING LLC, ET AL              PARISH OF CADDO
                                        FIRST JUDICIAL DISTRICT COURT


THE STATE OF LOUISIANA, TO:   PETERBILT MOTORS COMPANY


YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within THIRTY (30) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date September 6, 2022.


    *Also attached are the following:          **MIKE SPENCE, CLERK OF COURT**

_____   REQUEST FOR ADMISSIONS OF FACTS

_____   INTERROGATORIES

_____   REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____
                                                          Deputy Clerk
_____

                                                  _____CHRIS BOWMAN_____
                                                             Attorney


# FILE COPY

alexisc                                                          CPCC.CV.3652617



# Citation

CHERYL  MOORE, ET AL                    NO. 639362– C
         VS                             STATE OF LOUISIANA
MERICLES TOWING LLC, ET AL              PARISH OF CADDO
                                        FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   MERICLES TOWING LLC  ✓
                              THRU JAMES A MERICLE JR, AGENT
                              3408 HOLLYWOOD AVENUE
                              SHREVEPORT, LA
                              71109

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) days, a judgment may be entered against you. Please be aware of Act 174 of the 2021 regular session of the Louisiana Legislature which changed delays for answering.  The full text of this bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date September 2, 2022.

        *Also attached are the following:          MIKE SPENCE, CLERK OF COURT

                                                   By: _____
                                                          Deputy Clerk

                                                   _____
                                                         CHRIS BOWMAN
                                                   _____
                                                             Attorney

--------------------------------------------------------------------------------
SERVICE INFORMATION:          Date ____9-7-22____         0959

Personal ✓ Domiciliary ____ to  Melissa Mericle

Unserved ____ because _____

Remarks _____

              _____  # 1127
                      Deputy Sheriff

||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

                                                       FILED
                                                  SHERIFF RETURN

                                                   SEP 0 9 2022

                                                   MIKE SPENCE
                                                  _____
                                                   CLERK OF COURT

alexisc



CPCC.CV.3652583

# Citation

33.48

CHERYL MOORE, ET AL
    VS
MERICLES TOWING LLC, ET AL

NO. 639362– C
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:     PACCAR INC
                                    THRU CORPORATION SERVICE COMPANY, AGENT
                                    501 LOUISIANA AVENUE
                                    BATON ROUGE, LA
                                    70802

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) days, a judgment may be entered against you. Please be aware of Act 174 of the 2021 regular session of the Louisiana Legislature which changed delays for answering. The full text of this bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date September 2, 2022.

      *Also attached are the following:

MIKE SPENCE, CLERK OF COURT

I made service on the named party through the
CORPORATION SERVICE COMPANY

By: _____
               Deputy Clerk

**SEP 1 6 2022**
by tendering a copy of this document to
MELISSA HARDIN

CHRIS BOWMAN
_____
                Attorney

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

------------------------------------------------------------

SERVICE INFORMATION:       Date _____

Personal _____ Domiciliary _____ to _____

Unserved _____ because _____

Remarks _____
         FILED
      SHERIFF RETURN

OCT 07 2022 _____
    MIKE SPENCE           Deputy Sheriff
     CLERK OF COURT



alexise                                                                              CPCC.CV.3652575

# Citation

40.44
50

CHERYL MOORE, ET AL                    NO. 639362– C
        VS                             STATE OF LOUISIANA
MERICLES TOWING LLC, ET AL             PARISH OF CADDO
                                       FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    AMGUARD INSURANCE COMPANY
                               THRU HONORABLE SECRETARY OF STATE
                               BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have
received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of
this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-
ONE (21) days, a judgment may be entered against you. Please be aware of Act 174 of the 2021 regular
session of the Louisiana Legislature which changed delays for answering. The full text of this bill can be
found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date September 2, 2022.

    *Also attached are the following:              MIKE SPENCE, CLERK OF COURT

                                                   By: _____
    I made service on the named party through the        Deputy Clerk
       Office of the Secretary of State on

            SEP 1 6 2022
                                                   CHRIS BOWMAN
    by tendering a copy of this document to:       _____
         JULIE NESBITT                                        Attorney
    DY. M. LOCKWOOD #0803
    Deputy Sheriff, Parish of East Baton Rouge, LA
-------------------------------------------------------------------------------------------------------------
SERVICE INFORMATION:              Date _____

Personal _____ Domiciliary _____ to _____

Unserved _____ because _____

Remarks _____

         FiLED
      SHERIFF RETURN       _____
                               Deputy Sheriff
      OCT 07 2022
        MIKE SPENCE
      CLERK OF COURT

