UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHERYL MOORE                                    CIVIL ACTION NO. 22-cv-5715

VERSUS                                          JUDGE DONALD E. WALTER

MERICLES TOWING, LLC, ET AL                     MAGISTRATE JUDGE HORNSBY


**MEMORANDUM ORDER**

Cheryl Moore, individually and on behalf of her deceased husband Christopher Moore, filed a wrongful death and survival action in state court. She alleged that Christopher was an employee of Mericle's Towing, LLC and operating a Peterbilt truck owned by Mericle's when, for unknown reasons, the truck traveled off the side of the interstate, hit a tree, and caught on fire. Christopher died in the accident. Cheryl's petition named as defendants Mericle's, AmGuard Insurance Company (Mericle's liability insurer), Paccar, Inc., Peterbilt Motors Company, and Peterbilt of Louisiana, LLC. Paccar and the Peterbilt defendants are alleged to be liable under the Louisiana Products Liability Act.

Paccar removed the case based on an assertion of diversity jurisdiction. It alleges that Plaintiff is a citizen of Louisiana and is diverse from Paccar, which is incorporated in Delaware and has a principal place of business in Washington. Peterbilt Motors Company is alleged to be an unincorporated operating division of Paccar that shares its citizenship.

The notice of removal does not allege the citizenship of Mericle's, AmGuard, or Peterbilt of Louisiana, LLC, but presumably they share Plaintiff's Louisiana citizenship

because Paccar argues that they were improperly joined so that their citizenship may be ignored. Paccar asserts that the claims against Mericle's and AmGuard are barred by the exclusive remedy provisions of the Louisiana Workers' Compensation Act. It contends that the claims against Peterbilt of Louisiana, LLC are barred because the company operates sales dealerships, did not design or manufacture the truck, and did not even sell the truck (which was allegedly purchased from a different dealer in Tennessee). Plaintiff has not yet challenged the improper joinder plea, but the court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative. Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007).

AmGuard has filed a motion to dismiss with prejudice the claims against it for failure to state a claim on which relief may be granted. Before the court may reach the merits of such a motion, it must first determine whether it has subject matter jurisdiction based on the improper joinder doctrine. If it is determined that the nondiverse defendants are improperly joined, the court will find that it has subject matter jurisdiction and will dismiss the claims against those defendants *without* prejudice. International Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 210 (5th Cir. 2016).

If Plaintiff contests the assertions that Mericle's, AmGuard, and Peterbilt of Louisiana, LLC were improperly joined, she must file a motion to remand, supported by a memorandum, by **November 14, 2022** and explain why there is a reasonable basis to predict that state law would allow Plaintiff to recover against any of those defendants. If Plaintiff files a motion to remand, it will be noticed for briefing so that Paccar can respond and attempt to meet its burden on the improper joinder issue. If Plaintiff does not file a

motion to remand by the deadline and challenge the improper joinder plea, the court will consider Plaintiff to concede the point, and all claims against Mericle's, AmGuard, and Peterbilt of Louisiana, LLC will be dismissed without prejudice, and the case will proceed toward a scheduling order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of October, 2022.

Mark L. Hornsby
U.S. Magistrate Judge